# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8630 | **DATE** | April 30, 2012 |
| **CASE TITLE** | Tyrone Owens (#2007-0076179) vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. The clerk is directed to: (1) terminate all defendants except Sheriff Thomas Dart and "C/O John Doe at Courthouse" pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (2) issue summons for service on defendant Dart by the U.S. Marshal; and (3) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. On the court's own motion, the plaintiff's conspiracy claim is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. Dart remains as a defendant solely to help the plaintiff identify the courthouse security officer in question. The plaintiff's motions for appointment of counsel [document nos. 4 and 13] are denied, without prejudice.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a courthouse officer at the Daley Center, violated the plaintiff's constitutional rights by using excessive force against him and by denying him needed medical care for his injuries. The plaintiff also sues Cook County supervisory officials for "conspiracy," alleging that they have resisted his efforts to obtain the name of the officer and to punish him.

By Minute Order of January 12, 2012, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint limited to a single, core claim, as required by *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and Fed. R. Civ. P. 18(a). The plaintiff has submitted an amended complaint in compliance with that order.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states colorable causes of action against Officer "John Doe." Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St.*

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

*Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998), *citing Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989).  Furthermore, the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee.  *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).  The plaintiff may pursue his claims against the John Doe courthouse officer.

However, the plaintiff's conspiracy claim against Sheriff Dart, Court Services supervisors, and jail supervisors is summarily dismissed on preliminary review.  The plaintiff contends that his requests to identify and discipline the courthouse officer have been disregarded.  However, the plaintiff has no tenable conspiracy claim against supervisory officials because there is no underlying constitutional violation.  *See, e.g., Sow v. Fortville Police Dep't.*, 636 F.3d 293, 305 (7th Cir.2011); *Dorsey v. Smith*, No. 10 C 3041, 2011 WL 5878368, *2 (N.D. Ill. Nov. 23, 2011) (Kendall, J.).  The plaintiff had no constitutional right either to obtain the name of the officer or to see that officer punished.  The Constitution "does not require the states to prosecute persons accused of wrongdoing."  *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).  Sheriff Dart remains as a defendant solely to assist the plaintiff in identifying the officer in question.

Once the plaintiff has obtained service on Sheriff Dart and an attorney has entered an appearance on Dart's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the courthouse officer who allegedly violated the plaintiff's constitutional rights.  *See* Fed. R. Civ. P. 33.  After the plaintiff learns the defendant's identity, he may again ask leave to amend the complaint to substitute his name for that of John Doe.  Summons will then issue for service on the defendant in interest and Sheriff Dart will be dismissed.  The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify Officer John Doe as soon as possible.  *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

The clerk shall issue summons for service of the complaint on defendant Dart.  The United States Marshals Service is appointed to serve Sheriff Dart.  Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to mail a request for waiver of service to Sheriff Dart in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.  In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies **(CONTINUED)**

were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motions for appointment of counsel are denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff is an experienced litigator who appears more than capable of presenting his case; his submissions to date have been coherent and articulate. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motions for appointment of counsel are denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

*James F. Holderman*